UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NUTELLA MARKETING AND
SALES PRACTICES LITIGATION                                           MDL No. 2248


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the District of New Jersey action seeks centralization of three actions pending in two districts as listed on Schedule A.[1] Moving plaintiff seeks centralization in the District of New Jersey. Lone defendant Ferrero U.S.A., Inc. (Ferrero) supports the motion. Plaintiffs in the two Southern District of California actions, now consolidated, initially opposed the motion and suggested centralization in the Southern District of California in the event the Panel ordered centralization over their objections. At oral argument, however, these plaintiffs supported centralization in the Southern District of California.

Movants and respondents recommend centralization because the actions contain similar allegations concerning Ferrero's advertising, marketing and sale of Nutella spread and its alleged misrepresentations of Nutella as a healthy and nutritious food. All parties also now agree upon centralization and disagree only as to the appropriate choice for transferee district; however, "the Panel has an institutional responsibility that goes beyond simply accommodating the particular wishes of the parties." *In re: Equinox Fitness Wage and Hour Empl't Practices Litig.*, 764 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) (denying unopposed motion for centralization of two actions). Here, the Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation at this time.

The actions may share some factual questions regarding the common defendant's marketing practices, but these questions do not appear complicated. Indeed, the parties have not convinced us that any common factual questions are sufficiently complex or numerous to justify Section 1407 transfer at this time. Cooperation among the parties and deference among the courts should minimize the possibility of duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re: General Mills, Inc., Yoplus Yogurt Prods. Mktg. and Sales Practices Litig.*, 716 F. Supp. 2d 1371 (J.P.M.L. 2010)

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

[1] The parties have notified the Panel of two related actions pending, respectively, in the Northern District of California and the District of New Jersey.

- 2 -

(denying motion for centralization of four actions pending in four districts); *In re: DirectBuy, Inc., Mktg. and Sales Practices Litig.*, 682 F. Supp. 2d 1349, 1351 (J.P.M.L. 2010) (same).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones

**IN RE: NUTELLA MARKETING AND**
**SALES PRACTICES LITIGATION**                                            MDL No. 2248

## SCHEDULE A

<u>Southern District of California</u>

Athena Hohenberg v. Ferrero U.S.A., Inc., C.A. No. 3:11-00205
Laura Rude-Barbato v. Ferrero U.S.A., Inc., C.A. No. 3:11-00249

<u>District of New Jersey</u>

Marnie Glover v. Ferrero USA, Inc., C.A. No. 3:11-01086